[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Harry D. Seeds, Jr., filed a three count complaint on July 6, 1996 against the defendant, AIG Life Insurance Company. In count one the plaintiff alleges that he was injured when he fell off the rear of a tanker trailer in the truck yard of his employer, Nuzzo's Trucking. The plaintiff further alleges that he was an intended beneficiary of an insurance policy between Nuzzo's Trucking and the defendant, and the defendant has breached the terms of that policy in that the plaintiff's claims for payment of benefits have been denied. Counts two and three allege that the defendant, through its agents, Ms. Tricia Winsor and Claims Management Corporation, engaged in multiple violations of the Connecticut Unfair Insurance Practices Act (CUIPA) and the Connecticut Unfair Trade Practices Act (CUTPA).
On April 1, 1996, the defendant filed a motion to strike all CT Page 7295 three counts of the plaintiff's complaint. The defendant moves to strike the first count on the ground that it is legally insufficient because the exclusivity provisions of the Worker's Compensation Act, General Statutes § 31-284 (a), acts as a total bar to common law actions brought by employees for job related injuries. Additionally, the defendant moves to strike the second count on the ground that allegations of multiple violations of CUIPA regarding a single claim cannot stand pursuant to existing case law. Lastly, the defendant claims that count three is insufficient because a CUTPA claim cannot stand absent a valid CUIPA claim.
As required by Practice Book § 155, the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition. Furthermore, the defendant filed a reply to the plaintiff's memorandum in opposition.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; Waters v. Autuori, 236 Conn. 820,825, ___ A.2d ___ (1996); and the grounds specified in the motion. Blancato v. Feldspar Corp. , 203 Conn. 34, 44,522 A.2d 1235 (1987). "The motion to strike admits all facts well pleaded." Mingachos v. Central Broadcasting Systems, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "The court must construe the facts in the complaint most favorably to the plaintiff." Watersv. Autuori, supra, 825. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id.
The defendant argues in its memorandum in support of its motion to strike that the insurance policy under which the plaintiff brings this action does not apply to this particular case because the policy is "clear and unambiguous, and in at least two sections indicates that the policy under which the plaintiff is suing does not provide coverage when the plaintiff has a remedy under the Worker's Compensation Act." The defendant further argues that exclusivity provisions of the Worker's Compensation Act operates as a total bar, with limited exceptions, to common law actions brought by employees against employers for job related injuries.
"A claim that a injured party has made an exclusive election of workers' compensation is properly raised by a special defense." Grant v. Bassman, 221 Conn. 465, 472, 604 A.2d 814
CT Page 7296 (1992); see also Caron v. Connecticut Light Power Co., Superior Court, judicial district of Danbury, Docket No. 32 08 34 (April 16, 1996, Moraghan, J.) (holding that a special defense, and not a motion to strike, is the proper procedural vehicle to challenge the plaintiff's complaint on the ground that it is barred by the exclusivity provisions of the Workers' Compensation Act). "The claim that a plaintiff has elected an exclusive remedy relies on facts outside those alleged in the complaint that operate to negate what may once have been a valid cause of action." (Citation omitted.) Grant v. Bassman, supra, 473. "It is therefore both rational and fair to place the burden of pleading and proving an election of remedies on the party asserting the claim . . ." Id. Because the burden is on the defendant to prove that the plaintiff has elected such a remedy, the defendant's motion to strike count one on the ground that the exclusivity claim should be specifically pleaded is denied.
The defendant further argues in support of its motion to strike count two that to state a sufficient claim of a violation of CUIPA there must be a showing of more than a single act of insurance misconduct. Furthermore, the defendant argues that the plaintiff's CUTPA claim in count three cannot stand absent a valid CUIPA claim.
"In order to allege properly a CUIPA violation, the plaintiff must allege, inter alia, that the defendant engaged in the allegedly wrongful conduct with such frequency as to indicate a general business practice." (Internal quotations omitted.) Quimbyv. Kimberly Clark Corp. , 28 Conn. App. 660, 669, 613 A.2d 838
(1992); Lees v. Middlesex Ins. Co., 229 Conn. 842, 849,643 A.2d 1282 (1994); Mead v. Burns, 199 Conn. 651, 666, 509 A.2d 11
(1986). Additionally, "the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." Lees v. Middlesex Ins. Co., supra, 849. With respect to CUTPA, the Supreme Court has held that "a CUTPA claim based on an alleged unfair claim settlement practice . . . required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with such frequency as to indicate a general business practice." Id., 850.
In Mead v. Burns, supra, the plaintiff only alleged a single violation of CUIPA and CUTPA. Whereas in Quimby v. Kimberly ClarkCorp. , supra, the plaintiff alleged multiple violations of CUIPA by the defendant insurer in its handling of the plaintiff's CT Page 7297 worker's compensation claim. Nevertheless, the Appellate Court held that absent an allegation of unfair settlement practices by the insurer in the handling of other parties claims, the plaintiff failed to state a cause of action under CUIPA.
Construing the facts in the plaintiff's favor; see Waters v.Autuori, supra; the plaintiff, in paragraphs 10 and 11 of the second count, sufficiently alleges a cause of action under CUIPA and CUTPA. In paragraph 10, the plaintiff alleges, for example, that the defendant has violated CUIPA by "(c) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims; . . . (e) failing to act or acknowledge with reasonable promptness communications from insureds regarding the claim or claims; and (f) forcing claimants to bring suit in order to effectuate a fair settlement of their claims."
The present case is distinguishable from Mead v. Burns andQuimby v. Kimberly Clark Corp. In those cases the plaintiff failed to allege misconduct by the insurer in the handling of other claims. Because the plaintiff appears to allege that the wrongful conduct was performed by the defendant with such frequency as to indicate a general business practice, the defendant's motion to strike counts two and three of the plaintiff's complaint is denied. See Lamour v. Allstate Ins. Co., superior court, judicial district of Ansonia/Milford at Milford, Docket No. 049034 (Feb. 15, 1995, Thompson, J.) (concluding that an allegation that the defendant made it a general business practice to undervalue claims and require insured to file suit was sufficient to withstand motion to strike).
Howard F. Zoarski Judge Trial Referee